**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony FARAGO, alias Anthony Fargo,**
**Defendant-Appellant.**

**No. 81, Docket 25893.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 6, 1960.

Decided Oct. 26, 1960.

William L. Clay, Rochester, N. Y., for defendant-appellant.

Neil R. Farmelo, U. S. Atty., Western District of New York, Buffalo, N. Y.

(Robert J. Plache, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for plaintiff-appellee.

Before HINCKS, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

Appellant was convicted of eight counts of using the mails for the purpose of executing a scheme or artifice to defraud in violation of 18 U.S.C. § 1341. At his trial, evidence was introduced tending to show that appellant, via statements to the press, remarks at a stockholders' meeting, and the mails, falsely misrepresented the prospects of the Uran Mining Corporation, in which he was the leading figure, resulting in the sale of $245,000 worth of Uran stock.

Appellant urges that no evidence of a "scheme" was introduced. But we find the record replete with evidence of deliberately false statements concerning Uran, demonstrating a generally fraudulent purpose. This was sufficient to show the requisite "scheme or artifice," even if appellant's initial activities had proceeded from a wholly legitimate motive. Cf. United States v. Dilliard, 2 Cir., 101 F.2d 829, 834, certiorari denied 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036.

Appellant also complains of the admission of evidence. Some of these claims of error are patently without merit; as to others, he fails to show prejudice. In particular, he claims that the evidence admitted tended to minimize the testimony of the defense witness Tipton, a geologist. But Tipton had not been engaged by Uran until April 1958 and evidence of an earlier period was admissible for its direct bearing on the issues. Moreover, any tendency such evidence might have to minimize Tipton's testimony would not render it inadmissible.

We have examined appellant's other contentions and find no error.

Affirmed.